IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00013-CV

 

Spherion Corporation,

                                                                                    Appellant

 v.

 

Melvin Choat,

                                                                                    Appellee

 

 

 



From the 170th District
Court

McLennan County, Texas

Trial Court No. 2007-2777-4

 



ORDER FOR MEDIATion



 








The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-.073 (Vernon 2005).  The policy behind
ADR is stated in the statute:

§ 154.002. Policy

It is the policy of this state to
encourage the peaceable resolution of disputes…and the early settlement of
pending litigation through voluntary settlement procedures.

 

Id. § 154.002.

We believe that referral of this matter
is appropriate for resolution by mediation, a mandatory but non-binding
settlement conference, conducted with the assistance of the mediator. 
Mediation is private, confidential, and privileged.  See id. §§ 154.021,
154.023(a); 10th Tex. App. (Waco) Loc. R. 9.

The parties shall confer and attempt to
agree upon a mediator.  Within 14 days after the date of this order, Appellant
shall file a notice of the agreement with the Clerk of this Court which either
names a mediator or states an inability to agree upon a mediator.  In the
latter event, the Court will assign a mediator.  The mediator will negotiate a reasonable fee with the
parties, and Appellant and Appellee shall each pay one-half of the mediation fees
directly to the mediator.  The total fee will ultimately be taxed as costs by
the Court.

The parties are directed to confer with
the mediator to establish a date for the mediation.  In the event the parties
cannot agree on a date for the mediation, the mediator shall select and set a
date and time, within 30 days after the date of this order.

At least three days before the first
scheduled mediation session, each party shall provide the mediator and all
other parties with an information sheet setting forth the party’s positions
about the issues in the case and produce all information (including their
respective appellate briefs) necessary for the mediator to understand the
issues presented.  The mediator may require any party to supplement the
information required by this Order.

Named parties and their counsel shall
attend and be present during the entire mediation process.  Failure or refusal
to attend the mediation as ordered may result in the imposition of sanctions,
as permitted by law.

After mediation, the mediator must
advise the Court forthwith, in writing, when the process was completed, whether
the parties and their counsel appeared as ordered, whether a settlement
resulted, and the amount and terms of his fee agreement.  The mediator shall
send a copy of the report to each party.

Any objection to this Mediation Order
must be filed with this Court and served upon all parties within ten days of
the date of this Order or it is waived.

 

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Order
issued and filed March 4, 2009

Do
not publish

 






e Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed in part; reversed in part with instructions
Opinion delivered and filed July 31, 1995
Do Not Publish